**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY AUGUSTUS, | : | Case No. 3:22-cv-363 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| GREENE COUNTY ADULT | : | **REPORT AND** |
| PROBATION DEPT., *et al.*, | : | **RECOMMENDATION** |
| | : | |
| Defendants. | : | |

Plaintiff, a prisoner at the Greene County Adult Detention Center, has filed a pro se civil rights complaint in this Court against defendants Green County Adult Probation Department, Greene County Adult Common Pleas Court, and Josh Mixon. By separate Order plaintiff has been granted leave to proceed *in forma pauperis.* This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324

(1989)).  To address this concern, Congress included subsection (e)(1) as part of the statute, which

provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e) requires

*sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or

malicious, or upon determination that the action fails to state a claim upon which relief may be

granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands

on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d

502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] Formerly 28 U.S.C. § 1915(d).

of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this action against defendants Greene County Adult Probation Department, Greene County Adult Common Pleas Court, and Josh Mixon. (Doc. 1-2, Complaint at PageID 17). Plaintiff alleges that on August 19, 2022, his wife called defendant Mixon to ask him questions about why plaintiff was "locked up." According to plaintiff, Mixon informed his wife that plaintiff "was lying to her 90% of the time and he couldn't tell her anything else" until plaintiff signed a waiver. (*Id.* at PageID 18). Plaintiff claims that Mixon lied to his wife, resulting in added

3

stress and complications in their marriage as well as "damages, pain, suffering, discomfort, mental and emotional distress and anguish." (*Id.* at PageID 18-19). Plaintiff further alleges that Mixon "committed defamation of character, slander & libel." (*Id.* at PageID 19).

As relief, plaintiff seeks monetary damages. (*Id.* at PageID 20).

**C. Analysis**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

To the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, both plaintiff and defendants are citizens of Ohio. (*See* Doc. 1-2, Complaint at PageID 17). The complaint does not allege that the citizenship of plaintiff and defendants are diverse. 28 U.S.C. § 1332(1). Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

In addition, the Court is without federal question jurisdiction over the complaint. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63

(1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

As an initial matter, plaintiff does not include any factual allegations against defendants Greene County Adult Probation Department or the Greene County Adult Common Pleas Court. Absent any factual allegations against these defendants, the complaint should be dismissed as to the Greene County Adult Probation Department and the Greene County Adult Common Pleas Court.

In any event, these defendants are not entities capable of being sued in a 42 U.S.C. § 1983 action. With respect to the Green County Adult Common Pleas Court, capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)). Similarly, the Greene County Adult Probation Department is not a "person" that can be sued under 42 U.S.C. § 1983. *See Krankovich v. Rapavi*, Case No. 2:17-cv-140, 2017 WL 4326548, at *3 (S.D. Ohio Sept. 27, 2017) (dismissing claims against the Harrison County Adult Probation Department, finding "[a] government entity is not considered a 'person' and thus may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.") (internal quotation marks and citation omitted). Accordingly, the Greene County Adult

Probation Department and the Greene County Adult Common Pleas Court should be dismissed as defendants to this action.[2]

Plaintiff has also failed to state a claim upon which relief may be granted against defendant Mixon. As noted above, plaintiff alleges that Mixon lied to plaintiff's wife, resulting in the defamation of his character. However, defamation "is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2nd Cir. 2004). *See also Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional depravation."). In limited circumstances, a plaintiff may state a procedural due process claim where the plaintiff alleges injury from the defamation *plus* the deprivation of another recognized property or liberty interest (the so-called stigma-plus test). *See Doe v. Mich. Dep't. of State Police*, 490 F.3d 491, 501-502 (6th Cir. 2007) ("A successful plaintiff must therefore show that the state's action both damaged his or her reputation (the stigma) and that it 'deprived him or her of a right previously held under state law' (the plus).") (quoting *Paul v. Davis,* 424 U.S. 693, 708 (1976)).

In this case, plaintiff claims that the alleged defamation resulted in marital issues and emotional distress/anguish. Plaintiff fails to allege that Mixon's comments impacted a recognized property or liberty interest. *See Paul*, 424 U.S. at 693, 708-09 (injury to reputation alone does not result in a deprivation of any liberty or property protected by the due process clause); *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) ("The Supreme Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and

---

[2] Even if the Court liberally construed the complaint as being brought against Greene County, plaintiff fails to state a claim upon which relief may be granted because he does not allege that his constitutional rights were violated pursuant to a custom or policy of the county. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'") (citing *Paul*, 424 U.S. at 702). *See also Jenkins v. Lane*, No. 86 C 0059, 1989 WL 84474, at *4 (N.D. Ill. July 21, 1989) (finding that alleged defamation resulting in marital strife was insufficient to transform allegations of simple defamation to a "defamation plus" claim cognizable under section 1983). Accordingly, plaintiff has failed to state a claim upon which relief may be granted as to Mixon, the sole remaining defendant.[3]

Finally, insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

---

[3] The undersigned notes that plaintiff includes a conclusory allegation that Mixon's comments were made with malice and "deliberate indifference" in the complaint. (Doc. 1-2, Complaint at PageID 19). The undersigned finds that plaintiff's complaint does not rise to the level of an Eighth Amendment violation to the extent that plaintiff intended to raise such a claim.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 2/24/2023

Karen L. Litkovitz
United States Magistrate Judge

8